IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-05-CR-0293-H |
| | § | NO. 3-06-CV-1039-H |
| MATTHEW HARVEY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Matthew Harvey, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of theft or receipt of stolen mail in violation of 18 U.S.C. § 1708. Punishment was assessed at 24 months confinement followed by supervised release for a period of three years. No appeal was taken. Instead, defendant collaterally attacks his sentence under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant complains that the district court: (1) denied him a two or three level reduction for acceptance of responsibility; (2) incorrectly determined the impact on potential victims or the amount of loss involved; and (3) imposed a sentence in excess of that recommended by the probation officer.

These claims may be summarily dismissed for at least two reasons. First, as part of the plea agreement in this case, defendant waived his right to appeal or to seek post conviction relief. (*See*

Plea Agr., 12/15/05 at 4, ¶ 10).[1]  Such a waiver is valid and enforceable if informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994), *citing United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2457 (1993).  Here, defendant does not allege that his guilty plea was involuntary or that he did not understand consequences of his waiver.  For that reason alone, defendant is not entitled to post-conviction relief.

Even if these claims were not waived, none of the issues presented are cognizable under 28 U.S.C. § 2255.  Post-conviction relief under section 2255 is generally limited to questions of constitutional or jurisdictional magnitude.  *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992).  Other types of claims cannot be raised for the first time on collateral review unless the defendant shows that the error could not have been presented on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S.Ct. 621 (1992).  A misapplication of the sentencing guidelines, as well as the other sentencing errors cited by defendant in his motion, do not give rise to constitutional issues.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  And although the waiver contained in the plea agreement prevented defendant from raising these issues on direct appeal, none of the claims involve fundamental error resulting in a complete miscarriage of justice.  *Id.*, *citing United States v. Smith*, 844 F.2d 203, 205 (5th Cir. 1988). Consequently, these grounds for relief should be overruled.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to relief.  Accordingly, his motion to correct, vacate, or set aside sentence

---

[1] Although defendant reserved the right to appeal a sentence exceeding the statutory maximum or an arithmetic error at sentencing, and to challenge the voluntariness of his guilty plea or bring a claim based on ineffective assistance of counsel, none of those exceptions are at issue in this case.

should be summarily denied.  *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 19, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE